

# THE ATTORNEY GENERAL
## OF TEXAS

May 27, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Kenneth H. Ashworth
Commissioner
Coordinating Board
Texas College and University
   System
P. O. Box 12788
Austin, Texas   78711

Opinion No. JM-710

Re:  Whether certain local funds
may be appropriated for use by the
Coordinating Board under section
56.039 of the Education Code

Dear Mr. Ashworth:

You ask whether the legislature may appropriate local funds set
aside for Texas Public Educational Grants and redirect their use as
provided in section 56.039 of the Education Code.

The Sixty-fourth Legislature enacted the Student Financial
Assistance Act of 1975, codified as chapter 56 of the Education Code.
Acts 1975, 64th Leg., ch. 720, §1, at 2323.  The purpose of chapter 56
is

> to establish financial assistance programs to
> enable qualified students to receive a post-
> secondary education.

Educ. Code §56.002.

Sections 56.031 through 56.039 of the Education Code authorize
and govern the Texas Public Educational Grants Program.  Educ. Code
§56.031.  Individual grants awarded pursuant to this program are
identified as Texas Public Educational Grants.  Id.  Section 56.033 of
the Education Code requires state institutions of higher education to
set aside a specified portion of each student's tuition to fund Texas
Public Educational Grants.  See generally Attorney General Opinion
H-746 (1975).  The governing board of each institution of higher
education establishes guidelines for eligibility for grants,
subject to statutory limitations and to review and approval by the
Coordinating Board, Texas College and University System.  Educ. Code
§56.034.  As well as using funds set aside under this program to make
direct grants to its students, an institution of higher education may
transfer some or all of these funds to the coordinating board to use
for matching federal or other grant funds for its students.  Educ.
Code §56.036.  As established in 1975, the Texas Public Educational
Grants Program provided that funds transferred to the coordinating

board would be used only for students of the institution that collected them:

> The coordinating board may not use funds trans-
> ferred to it pursuant to this subchapter from one
> institution to award grants to students of a
> different institution.  Should matching funds be
> unavailable for an institution, all funds trans-
> ferred from that institution to the coordinating
> board shall be returned to that institution.

Educ. Code §56.038; Acts 1975, 64th Leg., ch. 720, at 2323, 2326.

By 1985, the legislature became aware that some state colleges, universities, and community colleges were not awarding the full amount of funds collected each year.  Several institutions were carrying over large amounts of Texas Public Educational Grant Program funds from year to year instead of applying them to grants.  See Letter from Representative Al Luna to Kenneth Ashworth, May 20, 1985.  The Sixty-ninth Legislature added the following provision to the Texas Public Educational Grant Program:

> At the end of a fiscal year, if the total
> amount of unencumbered funds that have been set
> aside under this subchapter by an institution of
> higher education, together with the total amount
> of unencumbered funds transferred by that institu-
> tion to the Coordinating Board, Texas College and
> University System, exceeds 150 percent of the
> amount of funds set aside by that institution in
> that fiscal year, the institution shall transfer
> the excess amount to the coordinating board.  The
> coordinating board shall use funds transferred
> under this section to award scholarships as
> provided by law to students at institutions other
> than the institution that transferred the funds.

Educ. Code §56.039 (added by Acts 1985, 69th Leg., ch. 708, §13, at 2497, 2502).

This provision limits the amount of grant funds which an institution of higher education may carry over from one fiscal year to the next.  It provides that unencumbered funds in excess of 150% of the amount of funds set aside in a fiscal year will be transferred to the coordinating board to be used to award scholarships to students of another college or university.  It thereby encourages an institution of higher education to use the funds it collects to award scholarships to its qualifying students and ensures that excess funds will be available for qualifying students of other institutions.  You wish to know whether the legislature has authority to redirect the use of

funds collected by one college or university to students at another institution.

You refer to the Texas Public Educational Grant funds as "local funds." This term has been used to describe institutional receipts in contrast to funds appropriated from the general revenue fund or other funds in the treasury. See Attorney General Opinion No. V-1427 (1952). Local funds are nonetheless state funds, subject to appropriation and control by the legislature. See, e.g., Educ. Code §§51.002, 51.008; Attorney General Opinion Nos. JM-575 (1986); V-1427 (1952); V-715 (1948); O-1662 (1940).

The Texas Public Educational Grant Program was established by legislative authority and may be changed by legislative authority. No constitutional provision sets out the requirements of this scholarship program. See generally Tex. Const. art. III, §§50a (State Medical Education Fund for grants, loans or scholarship for medical students), 50(b), 50b-1 (Texas College Student Loan Bonds). Although as originally established, the money collected by each institution could not be used for students of other institutions, nothing required the collecting institution to make grants to its students. No student could claim a right or expectancy in having the program continue in its original form. The legislature's redirection of excess funds in 1985 does not constitute a retroactive law or an impairment of the obligation of contract in violation of article I, section 16, of the Texas Constitution.

Article VIII, section 7, of the Texas Constitution prohibits the legislature from diverting from its purpose any special fund established by the constitution. Gulf Insurance Co. v. James, 185 S.W.2d 966 (Tex. 1945). The Texas Public Educational Grant Program is established by statute and the legislature may change the use of funds collected thereunder without violating article VIII, section 7, of the Texas Constitution. Id.; see also Attorney General Opinion Nos. C-250 (1964); V-107 (1947).

You have pointed out no reason why section 56.039 of the Education Code might be invalid, and our research has not brought any to our attention. Section 56.039 of the Education Code represents a valid exercise of the power vested in the legislature under article III, section 1, of the Texas Constitution. The legislature may redirect the use of funds collected for Texas Public Educational Grants as it has done in section 56.039 of the Education Code.

You also ask whether section 56.039 of the Education Code applies to funds set aside for Texas Public Educational Grants before the fall semester 1985. This provision became effective on August 26, 1985. Acts 1985, 69th Leg., ch. 708, §23, at 2497, 2505. It applies to certain unencumbered funds "set aside under this subchapter" that remain at the end of a fiscal year. It does not distinguish between

funds set aside before the effective date and those set aside thereafter. The governing body of an institution of higher education is thus required to transfer funds set aside before the fall semester, 1985, if they constitute excess funds on the last day of any fiscal year subject to section 56.039 of the Education Code. The institution will be allowed to retain unencumbered funds in the amount of 150% of collections during that fiscal year.

## S U M M A R Y

Section 56.039 of the Education Code validly requires state colleges and universities to transfer to the Coordinating Board, Texas Colleges and Universities, excess funds set aside under the Texas Public Educational Grant Program. This section applies to excess funds, whether they were set aside before or after the effective date of the statute.

Very truly yours,

**J I M   M A T T O X**
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General